U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2021 JUN 21 PM 12: 37

CLERK

BY _____ 
DEPUTY CLERK

Boxer Blake & Moore PLLC,               )
      Plaintiff               )
                     )
v.               )          Civil Action No. 2:21·cv·166
                     )
Acadia Insurance Company,               )
Christina Rainville,               )
      Defendants               )

## COMPLAINT

### PRELIMINARY STATEMENT

1.     This is a Declaratory Judgment and Breach of Contract Action regarding insurance coverage. Plaintiff is an insured Professional Limited Liability Company of insurer Defendant Acadia Insurance Company and seeks a declaration that Acadia's duty to defend was triggered by Defendant Rainville's complaint against Plaintiff currently pending in Federal District Court for the District of Vermont, and that therefore Defendant Acadia Insurance Company is required to defend Plaintiff for claims made in said complaint filed by Rainville against Plaintiff. Plaintiff seeks breach of contract damages relating to Acadia's failure to defend Plaintiff in the underlying Rainville action.

### JURISDICTION AND VENUE

2.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000; and (2) the parties' citizenship is completely diverse.

3.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Plaintiff resides in this District, the insurance was sold in this District, and the events giving rise to the underlying

Complaint and the events giving rise to this claim all occurred or are alleged to have occurred in this District.

**The Parties**

5.      Plaintiff Boxer Blake & Moore PLLC, formerly Ellis Boxer & Blake PLLC (hereinafter "BBM") is a duly licensed Professional Limited Liability Company organized under the laws of the State of Vermont with a principal place of business in Springfield, Vermont, providing legal services to clients for matters in Vermont and New Hampshire.

6.      Acadia Insurance Company (hereinafter "Acadia") is a company organized under the laws of the State of Iowa with a principal place of business in Westbrook, ME, and is licensed to sell property and casualty insurance in the State of Vermont.

7.      Christina Rainville (hereinafter "Rainville") is an individual resident of the City of Destin, State of Florida.

**THE FACTS**

8.      Acadia Insurance Company issued to BBM a Business Owners insurance policy, No. BOA 0021851-31 and effective dates 03/01/2017 to 03/01/2018, (hereinafter "Policy") attached hereto as Exhibit A.

9.      On November 8, 2018, Christina Rainville notified BBM of a workers' compensation claim, asserting that she had suffered an injury arising out of and in the course of employment on December 4, 2017 when she allegedly ate 3 bites of pizza while at work.

10.     BBM promptly put its workers' compensation insurer on notice of Rainville's workers' compensation claim. Assigned defense counsel appeared for BBM and undertook a defense of BBM before the Vermont Department of Labor where Rainville's workers' compensation claim was pending.

11.     The Vermont Department of Labor has original jurisdiction in Vermont over workers' compensation claims asserted by employees against Vermont employers. See 21 VSA 601 et seq.

12.     On or about July 19, 2019, Rainville initiated a discrimination claim against BBM with the State of Vermont (hereinafter "EEOC claim").

13.     BBM promptly put Acadia on notice of the EEOC claim.

14.     On or about August 26, 2019 Acadia denied any duty to defend or indemnify associated with the EEOC claim.

15.     On January 16, 2020, the US EEOC Boston Office dismissed Rainville's charges.

16.     On or about April 1, 2020, Rainville filed a lawsuit against BBM, federal action 2:20-cv-00051-cr (hereinafter "lawsuit"), alleging among other things, wrongful termination of her employment as a lawyer with Plaintiff law firm.

17.     BBM promptly put Acadia on notice of the April 1, 2020 lawsuit.

18.     On November 9, 2020, Rainville moved to amend her lawsuit to add claims for personal injury against BBM associated with the December 2017 pizza eating event that was the subject of her workers' compensation claim.

19.     On January 13, 2021, and before this court had issued any decision on her first motion to amend, Rainville moved to amend her lawsuit again to add additional claims against Plaintiff, Plaintiff's attorney, his law firm, and Plaintiff's employment practices liability insurer ALPS, asserting generally that the Defendants harmed her by initiating court process to recover approximately 12,500 BBM emails that Rainville diverted to her personal gmail account and then kept after she was no longer employed by Plaintiff.

20.     BBM promptly put Acadia on notice of Rainville's motions to amend.

21.     On January 25, 2021, Acadia denied any duty to defend or indemnify BBM associated

with claims asserted against them by Rainville. Exhibit B.

22.     On January 25, 2021 BBM received the mailing of the Vermont Department of Labor's

January 15, 2021 order dismissing Rainville's workers compensation claim on cross-motions for

summary judgment, which order held: "As a matter of law, her wheat pizza consumption…did

not 'arise out of' her employment." Exhibit C.

23.     Rainville appealed the dismissal of her workers' compensation claim to the Vermont

Supreme Court where that appeal is currently pending.

24.     On March 12, 2021 this court denied Rainville's motion to amend the lawsuit with

respect to all counts she sought to add, except the claim for bodily injury associated with eating 3

bites of pizza while at work. Exhibit D.

25.     On April 28, 2021 Rainville filed with this court her Second Amended Complaint,

Exhibit E, which is the operative pleading in the underlying case as of the date of this filing.

26.     Rainville's Second Amended Complaint asserts, among other things, that Plaintiff is

liable to her on a theory of respondeat superior for bodily injury allegedly suffered when she

consumed 3 bites of pizza while at work. See Rainville Complaint ¶s 215-231, 638-654.

27.     Rainville has asserted that eating 3 bites of pizza on December 4, 2017 caused or

aggravated a long list of physical conditions, including:

    a.  High IgE;
    b.  IgE-Wheat antibodies;
    c.  Systemic inflammation condition;
    d.  Severe and sustained exacerbation of chronic rhinosinusitis;
    e.  Exacerbated asthma;
    f.  Severe vitamin D deficiency;
    g.  Inflammatory back pain;
    h.  Plantar fasciitis in both feet;
    i.  Inflammatory polyarthropathy;
    j.  Difficulty swallowing;
    k.  Fluctuating bilateral sensorineural hearing loss requiring hearing
        aids;

l.  Chronic abdominal pain in the left upper quadrant;
m. Severe sleep disturbance;
n.  Tachycardia;

o.  Palpitations;
p.  Chronic diarrhea
q.  Uterine tumor;
r.  Chronically-swollen and palpable axillary lymph node;
s.  Mild subsegmental atelectasis (partially collapsed lung);
t.  Dry eyes and damage to the corneal surface in both eyes;
u.  Fluctuating cognitive impairment
v.  Pre-diabetes;
w. Dry mouth
x.  Dangerously low oxygen levels;
y.  Photosensitivity and a possible lupus-like condition;
z.  Inflammation in the skin;
aa. Swollen left foot
bb. Left-sided weakness;
cc. Acute pharyngitis and yeast infection in the throat; and
dd. Venous insufficiency in both legs

Exhibit C and Exhibit E ¶s 231-246, 255-278.

28.    Rainville also asserted that her physical injuries caused cognitive impairment that made

her "unable to function as a lawyer" and that she was "already disabled at the time that [she]

resigned." Exhibit F.

29.    Plaintiff tendered the defense of the claims Rainville asserted in the operative pleading,

Rainville's Second Amended Complaint, to Defendant Acadia.

30.    Acadia again denied any duty to defend Plaintiff by letter May 14, 2021. Exhibit G.

31.    Plaintiff has expended significant money defending Rainville's lawsuit in Federal District

Court, exceeding this court's jurisdictional limit.

32.    Acadia's Policy states in pertinent part with respect to its primary grant of liability

coverage to BBM:

**SECTION II – LIABILITY**
**A. Coverages**
   1. **Business Liability**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or " personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" for "bodily injury", "property damage" or " personal and advertising injury", to which this insurance does not apply .  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

    (1) The amount we will pay for damages is limited as described on Paragraph **D**. – Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and

    (2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f**.  Coverage Extension – Supplementary Payments.

b.  This insurance applies:

    (1) To "bodily injury" and "property damage" only if:

        (a) The "bodily injury" or " property damage" is caused by an "occurrence" that takes place in the "coverage territory"

        (b) The "bodily injury" or "property damage" occurs during the policy period; and

        (c) Prior to the policy period, no insured listed under Paragraph **C.1.** Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in the whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the " bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

    (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer.

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or had begun to occur.

e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

....

**F. Liability And Medical Expense Definitions**

3.  Bodily Injury means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time

33. Concerning coverage for liability for bodily injury, Acadia's Policy contains exclusions d

and e which state:

**B.  EXCLUSIONS**

1.  **Applicable To Business Liability Coverage**
    This insurance does not apply to:

    d. **Workers' Compensation And Similar Laws**
       Any obligation of the insured under a workers 'compensation, disability benefits or unemployment compensation law or any similar law.

    e.  **Employer's Liability**
        "Bodily injury" to:

        (1) An "employee" of the insured arising out of and in the course of:
            (a) Employment by the insured; or
            (b) Performing duties related to the conduct of the insured's business; or

        (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
            This exclusion applies:

            (1) Whether the Insured may be liable as an employer or in any other capacity; and

            (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
                This exclusion does not apply to liability assumed by the insured under an "insured contract".

**CAUSES OF ACTION**

**I      Breach of Contract**

34.     Plaintiff repeats and re-alleges its allegations in Paragraph 1-33 as if fully stated herein.

35.    Rainville asserts claims of bodily injury against BBM in federal action 2:20-cv-00051-cr.

36.    Rainville's claims of bodily injury against BBM do not "arise out of" employment as a matter of law.

37.    The Vermont Department of Labor and Industry has found that Rainville's alleged injuries did not arise out of her employment and she is not entitled to workers' compensation benefits.

38.    Because Rainville's claims of bodily injury do not "arise out of" employment as a matter of law, and because Rainville is not entitled to workers' compensation benefits for the bodily injuries alleged to have been caused by eating 3 bites of pizza on December 4, 2017, exclusions B.1.d and B.1.e.1 do not apply.

39.    Pursuant to the terms of the Policy, Acadia owes a duty to defend BBM for the claims asserted by Rainville against BBM.

40.    Rainville's November 9, 2020 motion to amend in which she sought to add bodily injury claims triggered Acadia's duty to defend BBM.

41.    Rainville's January 13, 2021 motion to amend in which she sought to add bodily injury claims triggered Acadia's duty to defend BBM.

42.    Rainville's April 28, 2021 filing of her Second Amended Complaint triggered Acadia's duty to defend BBM.

43.    Acadia breached its duty to BBM by denying any duty to defend.

44.    Acadia breached its contract, the Policy, with BBM, by failing to defend BBM for the claims asserted against it by Rainville.

45.    BBM has suffered damages as a result of Acadia's breach of the terms of insurance contract BOA 0021851-31.

**II     Declaratory Judgment**

46.     The Plaintiff's repeat and re-allege their allegations in Paragraph 34-45 as if fully stated herein.

47.     Plaintiff seeks a declaration that Acadia was, according to the terms of the Policy, obligated as of November 9, 2020 to defend BBM for the claims asserted against it by Rainville in federal action 2:20-cv-00051-cr.

48.     Plaintiff seeks a declaration that Acadia is obligated to reimburse BBM monies expended on the defense of the Rainville action 2:20-cv-00051-cr beginning November 9, 2020 and continuing.

49.     Plaintiff seeks a declaration that Acadia was, according to the terms of the Policy, obligated as of January 13, 2021 to defend BBM for the claims asserted against it by Rainville in federal action 2:20-cv-00051-cr.

50.     Plaintiff seeks a declaration that Acadia is obligated to reimburse BBM monies expended on the defense of the Rainville action 2:20-cv-00051-cr beginning January 13, 2021 and continuing.

51.     Plaintiff seeks a declaration that Acadia was, according to the terms of the Policy, obligated as of April 28, 2021 to defend BBM for the claims asserted against it by Rainville in federal action 2:20-cv-00051-cr.

52.     Plaintiff seeks a declaration that Acadia is obligated to reimburse BBM monies expended on the defense of the Rainville action 2:20-cv-00051-cr beginning April 28, 2021 and continuing.


        WHEREFORE, Plaintiff demands judgment in its favor against Acadia for breach for

contract and a Declaration that Acadia is obligated to afford a defense to Plaintiff. Plaintiff

demands an order that Acadia reimburse BBM for attorneys fees already incurred defending

Rainville action 2:20-cv-00051-cr, ongoing defense costs for same, attorneys fees, filing fees,

interest, costs, and all other relief that the Court deems just and proper.


DATED at Springfield, Vermont this 17th day of June, 2021.


**BOXER BLAKE & MOORE PLLC**

By:

Andrew C. Boxer, Esq.
24 Summer Hill Street
PO Box 948
Springfield, VT 05156
(802) 885-2141